MARGARET GOODWIN, Petitioner,

*vs.*

OLIVER PRIME, Executor, and others.

York.     Opinion December 31, 1898.

*Probate Appeal.   Evidence.   Exceptions.   R. S., c. 63, § 25.*

At the hearing upon a petition under R. S., c. 63, § 25, for leave to enter an appeal from the probate court, the presiding justice can receive or reject particular items of offered evidence at his discretion; and exceptions cannot be taken to his action in so doing unless it is apparent that he has abused the discretion to an extent that has worked manifest injustice.

ON EXCEPTIONS BY DEFENDANTS.

This was a petition for leave to file a probate appeal under R. S., c. 63, § 25.   The decree of the probate court of York County, from which the petitioner asks leave to appeal under the above statute, was a decree entered in that probate court on November 2, A. D. 1897, admitting to probate two instruments, one purporting to be the last will and testament of Benjamin Kennard, and the other purporting to be a codicil to said last will and testament. The petition for leave to enter the appeal was duly filed in the Supreme Court in York county during the January term, A. D. 1898, which was the first term of that court held after the decree of the probate court was filed.

After full hearing upon this petition and the answers filed thereto in the Supreme Court at the May term, A. D. 1898, a decree was duly entered by the presiding justice.   Exceptions were thereupon filed in behalf of Oliver Prime, executor, George F. Kennard and Clara B. Kennard, legatees.   These respondents were the only respondents who appeared in opposition to the prayer of the petition.

The finding of the presiding justice of the Supreme Court, contained in the decree, is as follows:

" I further find that the petitioner, from accident or mistake and want of notice, without fault on her part, omitted to claim and prosecute her appeal within the twenty days specified by statute, and that she has diligently and seasonably filed her petition for leave so to do."

The petitioner assigns as the reasons why she should be allowed to enter her appeal, incapacity of the testator and undue influence by Oliver Prime named as the executor of the will.

The material allegations in the petition are as follows:

" That at the time of making said decree by said probate court, your petitioner, who is eighty-three years of age, resided in said Exeter, in said State of New Hampshire, and had no notice or knowledge and no means of knowledge that said alleged last will and testament and said alleged codicil thereto had been presented to, or filed in, said probate court or offered for probate therein, nor had she any notice or knowledge or means of knowledge of said decree admitting said alleged last will and testament and codicil thereto to probate until by accident she was informed of it on the sixth day of December, A. D. 1897, when the time allowed by the law of Maine for appeal from said decree had expired.  That prior to said time December 6, 1897, your petitioner had been informed in a way she thought to be true that said testator kept no will or codicil,—or instruments purporting to be such,—and being infirm and at a distance, had been wholly misled by such information, without fault on her part.  Your petitioner therefore shows that her omission to appeal from said decree, which she would surely have done had she known of it within twenty days after the making thereof, was wholly without fault on her part and was because she had no notice or means of knowledge whatever of the presentation of said alleged will in said probate court, or that the same would be offered for probate therein, and moreover was misled by relying on false information relating thereto, until more than twenty days after the decree aforesaid was made admitting said alleged will to probate.

" And she further shows that she was so deprived of notice by accident growing out of the situation and distance of your

petitioner from said probate court, and she ought not to be deprived of her rights in the estate of said Benjamin Kennard without notice and without opportunity to be heard thereon, and that justice requires a revision of said decree admitting said alleged will and said alleged codicil thereto to probate."

The petitioner introduced evidence tending to show the following facts:

Margaret Goodwin, the petitioner, was the sole surviving sister of the testator. There were no other relatives nearer than nephews or nieces. The testator and the petitioner had always lived on the most friendly terms. The testator was wealthy; the petitioner was poor, supported mainly or wholly by the wages of her daughter, earned in the shoe shops at Exeter, N. H.

The petitioner was eighty-three years of age, quite infirm; had been unable to go from Exeter, N. H., to Eliot, Maine, to visit her brother, the testator, during the last year or two of her life, and was unable to attend his funeral, and she did not know of her brother's death until about a week after it occurred. Her daughter did not tell her of·it, because she was too feeble. She did not know whether her brother left a will or not. She was unable to travel or to correspond herself, and in these respects had to depend wholly upon her daughter. Shortly after the testator's death, the petitioner's son, Albert, who lived in Portsmouth, N. H., visited her over Sunday, and at that visit, at the request of the petitioner, he promised to try to ascertain for her whether the testator left a will or not. After Albert returned to his home in Portsmouth, the petitioner did not hear from him for some days, and her daughter again wrote to Albert, requesting him to make inquiries about the existence of a will. He replied to that letter, in substance, that he could not learn that there was any will. The petitioner's daughter then wrote to Albert to make inquiries of a Mr. Preble who, she thought, was well acquainted with people in that vicinity and might know whether there was a will or not. To this letter Albert replied that he had inquired of Mr. Preble and of others, and that he could not learn of the existence of a will. All this was during the month of October. About the first of

November, petitioner's daughter was taken ill, under the care of a physician and nurse and unable to attend to any business during the month of November. She had, however, requested her landlady, Miss Bradley, to make inquiries for her on the subject of the will, and she had promised to do so, and informed the petitioner's daughter that she (Miss Bradley) had learned from a Mr. Twombly the proper address of the person to whom to write to get information, and Miss Bradley promised the petitioner's daughter that she would write for that purpose; but did not make known to her the address. After that, during the month of November, the petitioner's daughter was ill and unable to attend to business, but she says that she did send her nurse frequently to the postoffice, expecting to get a letter from Miss Bradley. In the meantime, early in November, Miss Bradley had been called away, without notice to the petitioner or her daughter, from Exeter, by the insanity of her uncle whom it was necessary to commit to an asylum. This kept Miss Bradley away from Exeter during that month and explained the failure of the petitioner's daughter to get any reply from her. Miss Bradley returned to Exeter the 6th of December, when she learned for the first time from Mr. Twombly of the existence of a will. Mr. Twombly had been called, by the death of a sister, to Sanford or Alfred, and had there learned of the existence of a will, but Miss Bradley knew nothing of it until her return to Exeter on the 6th of December. On December 7th, the petitioner's daughter, although she had not recovered from her illness and was unable to travel alone, took Miss Bradley with her and went at once to Alfred and ascertained about the will. She immediately employed counsel, who applied for leave to enter the appeal at the next term, (January, 1898), of the Supreme Court, and the hearing upon it was at the next May term. The time for filing the appeal in the regular course of procedure expired on November 22, 1897.

The presiding justice who heard the petition and the parties thereto made the following decree:

"This is a petition for leave to enter an appeal from the decree of the judge of probate for the County of York, wherein the last

will and codicil of Benjamin Kennard were admitted to probate on the second day of November, 1897.

"The cause came on for hearing on petition, answer and proofs, and I find that the petitioner, Margaret Goodwin, aged eighty-three, is the only surviving sister of the testator, who died on the twentieth day of September, leaving no issue, but as heirs at law several nephews and nieces and the petitioner, to whom one-third of his estate would descend under the statutes of this State.

"I further find that the petitioner, from accident and mistake and want of notice, without fault on her part, omitted to claim and prosecute her appeal within the twenty days specified by statute, and that she has diligently and seasonably filed her petition for leave so to do, and I do consider that petitioner asks to prosecute her appeal in good faith and that justice requires a revision of said decree, and therefore do hereby order, adjudge and decree that the prayer of said petition be granted and that the petitioner have leave to enter her appeal in this court upon filing bond to the adverse party with sureties to be approved by the clerk in the penal sum of five hundred dollars, conditioned as required by law, and that neither party recover costs upon this petition.

"Upon the hearing a certain bill in equity was read in evidence by the petitioner against the defendants' objection, and to the admission of the same, exceptions are reserved.

"Defendants also insisted upon the right to call witnesses to disprove the allegations in petitioner's reasons for appeal touching the validity of the will, but were denied the right so to do by the presiding justice, to which denial exceptions are reserved."

The defendants alleged two exceptions; the first was to the admission in evidence, against their objection, of a bill in equity brought by Oliver Prime, named executor in the will of his testator and against him the said George F. Kennard, the testator.

The second exception is as follows: Defendants insisted upon the right and offered to call witnesses to disprove the allegations in petitioner's reasons of appeal, touching the validity of the will and codicil, but were denied the right to do so by the presiding justice.

*Fred J. Allen; J. W. Symonds, D. W. Snow and C. S. Cook,* for plaintiff.

Exceptions do not lie to the exercise of discretionary powers of the presiding justice.    *Simmons* v. *Lander,* 85 Maine, 199 ; *Thornton* v. *Blaisdell,* 37 Maine, 190 ; *Bank* v. *Stevens,* 39 Maine, 532 ; *Moody, Petr.,* v. *Larrabee,* Id. 382 ; *Crocker* v. *Crocker,* 43 Maine, 561 ; *Burr* v. *Railroad,* 64 Maine, 130 ; *Davis* v. *Co. Com.* 63 Maine, 396 ; *Grant* v. *Libby,* 71 Maine, 427 ; *Marston et al., Petrs.,* 79 Maine, 43 ; *Fessenden, Applt.,* 77 Maine, 98; *N. E. Acc. Assoc.* v. *Varian,* 151 Mass. 17 ; *Sylvester* v. *Hubley,* 157 Mass. 308 ; *Stillman* v. *Whittemore,* 165 Mass. 234 ; *Scituate Water Co.* v. *Simmons,* 167 Mass. 313 ; *McKay* v. *Kean,* Id. 524.

Bill in equity was admissible against Prime.    *Grant* v. *Libby,* 71 Maine, 427 ; *Witcher* v. *McLaughlin,* 115 Mass. 169.

Second exception :    In *Boston* v. *Robbins,* 116 Mass. 313, it is said : "It is within the discretion of the judge to whom a petition for a review is presented, if he is of opinion that the petitioner had a substantial defense to the action upon the merits, which by accident or mistake, and without fault on his part, he has had no opportunity of making, to grant a review, without passing in advance upon the questions of law or fact which may be involved in the trial of the case ; and to the exercise of his discretion in this respect, no exception lies."

*H. Fairfield and L. R. Moore,* for executor.

As to admission of bill in equity counsel argued :    Evidence of declarations, admissions or acts of parties to the record made after the death of the testator is inadmissible to prove any of the reasons for appeal, there being other parties to be affected thereby who are not jointly interested nor in privity with them.    *Ware* v. *Ware,* 8 Greenl. 42, 45 ; *Shailer* v. *Bumstead,* 99 Mass. 129 ; *McLellan* v. *Cox,* 36 Maine, 95 ; *McConnell* v. *Wildes,* 153 Mass. 488 ; *Miller* v. *Miller,* 3 Serg. & R. 267, (S. C. 100 Am. Dec. 538); *Fairchild* v. *Bascomb,* 35 Vt. 398; *Boyd* v. *Eby,* 8 Watts, 66, (Pa.); *Dolts* v. *Fetzen,* 9 Barr, 88 (Pa.) ; *Brown* v. *Morse,* 6 Yerger, 272, (Tenn.); *Roberts* v. *Trawick,* 13 Ala. 68 ; *Blakey* v. *Blakey,* 33 Ala. 611 ; *Thompson* v. *Thompson,* 13 Ohio N. S. 356.

Second exception :    *Capen* v. *Skinner*, 139 Mass. 191.

*J. O. Bradbury, Oakes and Ayer*, for Geo. F. and Clara B. Kennard.

SITTING:   PETERS, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, JJ.

EMERY, J.   This was a petition under § 25, of c. 63, R. S., to the Supreme Court of Probate for leave to enter an appeal from a decree of the court of probate for York county, the time within which such appeal could have been entered of right having expired. The decree sought to be reviewed allowed as valid an instrument purporting to be the will of Mr. Kennard in which Mr. Prime was named executor.   The petitioner was an heir.   The alleged error in the decree was in holding Mr. Kennard to have been of sound mind at the time of the execution of the supposed will.

At the hearing upon the petition before the Supreme Court of Probate sitting in York county, the justice of that court upon the question of the sanity of Mr. Kennard received in evidence against the objection of Mr. Prime (named executor) a bill in equity signed by Mr. Prime, as such executor, in which he alleged that Mr. Kennard, his testator, was of unsound mind.   Again, when the petitioner had put in all her evidence tending to show the insanity of Mr. Kennard at the time of the execution of the will, and the respondent Mr. Prime had put in his evidence tending to show that the petitioner was in fault in not filing her appeal within the time fixed by statute, Mr. Prime, as executor, further offered evidence tending to rebut the evidence of the petitioner upon the question of the sanity of Mr. Kennard, and affirmatively tending to establish his sanity.   The justice declined to hear this evidence.

To the action of the justice in receiving in evidence the bill in equity, and in declining his offered evidence upon the question of Mr. Kennard's sanity, the executor, Mr. Prime, excepted and brings his exceptions to the law court.

If upon this petition the court could adjudicate upon the issue of sanity, or could reverse or modify in the least the decree of the

Probate Court upon that issue, then Mr. Prime would undoubtedly have the right to bring these rulings before the law court for review. But such is not the case. There was no issue formed for trial upon that question. The petitioner was only asking for an opportunity to be heard upon that issue in the Supreme Court of Probate. The only order that could be made by the court was that she should or should not have that opportunity.

The petition, therefore, was addressed to the judicial discretion of the justice of the Supreme Court of Probate who should happen to hear it. The law court cannot substitute its discretion for his. When the determination of any questions rests in the judicial discretion of a court, no other court can dictate how that discretion shall be exercised, nor what decree shall be made under it. There are in such cases no established legal principles or rules by which the law court can measure the action of the sitting justice unless indeed he has plainly and unmistakably done an injustice so apparent as to be instantly visible without argument. *Capen* v. *Skinner*, 139 Mass. 190 ; *Moulton's petition*, 50 N. H. 532. "Discretion implies that in the absence of positive law or fixed rule the judge is to decide by his view of expediency or of the demands of equity and justice." *State* v. *Wood*, 23 N. J. L. 560.

In this case the justice of the Supreme Court of Probate hearing the case did not rule that the bill in equity was admissible in strict law as upon a trial of the issue of sanity, nor did he rule that the evidence offered by the executor upon that issue could not lawfully be admitted. He simply decided that in his discretion he would receive the bill in equity but did not care to hear the evidence offered by the executor. It is not apparent that in so doing he abused the discretion vested in him by the law.

It was not his duty to try the issue of Mr. Kennard's sanity. His decree would not determine that issue either way. He was simply to satisfy himself that the petitioner was without fault on her part in omitting to appeal within the statute time, and that "justice required a revision" of the decree. The evidence adduced by the petitioner might have been so ample and convincing that he might have properly adjudged it ought to be heard and considered,

whatever evidence might be adduced in contradiction. To be sat-
isfied that "justice requires a revision" of the decree is not to be
satisfied that justice requires the decree to be reversed or modified.
The word "revision" as used in this statute means "review"
"re-examination" "looking at again". Cent. Dict. It does not
at all follow that the result of the revision will be a reversal or an
alteration. There may be a complete affirmation. It was enough
for the justice to be satisfied that the petitioner's evidence was of
such amount and character as to be an important factor in the
right determination of the issue, whatever evidence might be
brought against it. He could properly adjudge himself satisfied of
this before and without hearing what might be adduced in rebuttal.

"In general a new trial (a review) is granted without inquir-
ing further than is necessary in order to ascertain whether the
party by reason of some accident or misfortune has been deprived
of the opportunity of being heard." Gilchrist C. J., in *New Eng-
land Mutual Fire Ins. Co.*, v. *Lisbon Mfg. Co.*, 22 N. H. 170. It
is only necessary that the petitioner satisfy the court that she peti-
tions in good faith and actually intends to try the issues presented,
and that she has good evidence tending to show the truth of her
contention upon those issues. *Moulton's Appeal*, 50 N. H. 538.

The executor, Mr. Prime, was not deprived of any right by the
action of the justice. Upon the trial of the issue upon the appeal
he can object to the bill in equity, and can offer his evidence as to
sanity. He can then insist upon and receive a ruling as matter of
law, and if that ruling be against him he can have it reviewed
upon exceptions. He could not require such a ruling at the hear-
ing upon the petition where the issue was not presented, and hence
has no right of exception.

*Exceptions dismissed.*