MARY B. STRATER
*vs.*
NICHOLAS A. STRATER

York.    Opinion, December 20, 1963.

*Pierce, Atwood, Scribner, Allen and McKusick,*
  by *Horace Hildreth, Jr.*                    for Plaintiff.

*Sewall, Strater, Erwin and Winton,*
  by *Robert J. Winton and James S. Erwin,*
                                     for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. MARDEN, J., does not concur.

TAPLEY, J. On appeal. This is an action of divorce heard by a single justice of the Superior Court. He granted a divorce to the complainant, Mary B. Strater, for the cause of cruel and abusive treatment and further ordered and decreed that the defendant, Nicholas A. Strater, pay the sum of $50.00 per week for the support of a minor child, the sum of $75,000.00 in lieu of alimony and, as counsel fees to complainant's Maine counsel, the sum of $6,000.00 with $183.40 disbursements and to her New York counsel the sum of $4,500.00. The defendant seasonably filed notice of appeal as to that part of the judgment relating to the award

of the lump sum in lieu of alimony and to the amounts decreed as counsel fees. The decision of the justice below granting the divorce was not appealed.

The points of appeal are as follows:

"1.  Award lump sum:

"a.  Excessive under circumstances surrounding marriage.

"b.  Excessive because Plaintiff had no part in accumulating any part of said Defendant's estate.

"c.  Excessive because said findings consider Defendant's possible future share in mother's estate.

"d.  Excessive because said amount found according to New York standards of living, rather than standards of marital RES; to wit: State of Maine.

"2.  Counsel fees:

"a.  Excessive.

"b.  Defendant should not be liable to pay for the counsel fees of two separate law firms to represent Plaintiff in said action."

Hearing was had on the divorce complaint at the September Term, 1962 of the Superior Court, within and for the County of York, without contention as to the merits of the divorce. The presiding justice, after a hearing on the merits, decreed a divorce to the complainant for the cause of cruel and abusive treatment. The questions of child support, alimony and counsel fees were contested.

The jurisdiction and authority of the court in matters pertaining to divorce are derived from the statute. *McIntire* v. *McIntire,* 130 Me. 326; *Stratton* v. *Stratton,* 73 Me. 481. Jurisdiction is confined within the purpose and intent of the statutes. *Poulson* v. *Poulson,* 145 Me. 15.

COUNSEL FEES

The authority of the court to order the husband to pay counsel fees of the wife is derived from the statutes.

> "*Pending a divorce action,* the court may order the husband to pay to the wife, or to her attorney for the wife, sufficient money for *her defense or prosecution thereof, - - - - -.*" (Emphasis supplied.) Chap. 166, Sec. 59, R. S., 1954, as amended.

> "This statute guarantees the wife full and complete relief, and provides the avenue through which her prosecution or defense of a libel may be maintained and the services of an attorney may be secured." *Meaher* v. *Mitchell,* 112 Me. 416-419.

The right to attorney's fees is dependent upon the statutory provisions. *Vishner* v. *Vishner,* 271 P. (2nd) 68 (Cal.) ; *Maston* v. *Maston,* 229 P. (2nd) 756 (Kan.) ; *Fordice* v. *Fordice,* 132 N. E. (2nd) 618 (Ind.).

Mrs. Strater consulted her New York counsel on June 23, 1961 which resulted in the preparation of the necessary papers for an application for temporary alimony and counsel fees in the New York jurisdiction. After some preparation for the New York procedure Mrs. Strater informed New York counsel, on August 2nd, that she had decided to go back to her husband. Apparently her effort at reconciliation met with failure because on February 2, 1962 she again consulted New York counsel, whereupon counsel prepared new papers for a separation and for temporary alimony, as the only way jurisdiction could be obtained in New York in order to get an award of alimony was by an order of sequestration. After further investigation it was discovered that Mr. Strater had no assets in New York that were attachable so it was decided that Mrs. Strater should proceed in the jurisdiction of Maine. It was at this point the case was referred to Maine counsel for divorce pro-

cedure. After date of referral there was some participation of New York counsel involving conferences.

Maine counsel, after referral by the New York attorneys, proceeded with the case by commencing divorce action, performing those functions necessary and incidental to the prosecution of a divorce complaint. There were conferences with the client, with New York attorneys, the working out of temporary support pending complaint and research of the law as affecting tax problems; then came the hearing of the divorce which was contested only as to the issue of alimony, child support and counsel fees. Maine counsel submitted evidence at the hearing as to time consumed in the preparation, prosecution and defense of the case. New York counsel presented evidence as to services rendered Mrs. Strater before and after the commencement of the divorce action.

In this case counsel fees are not sought on the basis of a contractual relationship between attorney and client but under the provisions of statute providing that the wife may have benefit of counsel whose fees shall be paid by the husband. The reason for this statutory provision is obvious as there are numerous cases where the wife would be at a disadvantage if unable to have counsel because of a financial inability to employ one. The statute is explicit in its language when it provides that "pending a divorce action, the court may order the husband to pay to the wife, or to her attorney for the wife, sufficient money for her defense or prosecution thereof."

The question arises under the circumstances of the case at bar as to whether or not the services performed by Mrs. Strater's New York counsel before commencement of the divorce action in Maine were such as to come within the contemplation of the Legislature when it enacted the statute wherein it is provided that *pending a divorce action* the

court may order the husband to pay the wife's counsel fees. The divorce action must be pending as a jurisdictional requisite for a counsel fee order.

The case of *Stibbs* v. *Stibbs*, 231 P. (2nd) 310 (Wash.), concerns an order for the payment of counsel fees in a separate maintenance action. A statute in many respects similar to the Maine statute is involved. On page 311, the pertinent portion of the statute is quoted:

> " 'Pending action - - - - the Court may make - - - - such orders relative to the expenses of such action, including attorney's fees, as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof - - - -'."

The court observed, at page 311:

> "*All expenses reasonably incurred during the pendency of the action,* - - - - may be provided for by the Superior Court. - - - - The action is 'pending' until its final disposition." (Emphasis supplied.)

The court obviously construed a statute similar to the Maine statute as authorizing the court to allow counsel fees reasonably incurred and rendered during the period of the pendency of the action.

The basic reason underlying the allowance of counsel fees to the wife is to provide her with counsel so that her legal rights in the prosecution or defense of the divorce action shall be assured. It is apparent from the language employed in Sec. 59, Chap. 166, R. S., 1954 that the Legislature intended to provide the wife with sufficient funds, at the husband's expense, to obtain legal counsel for her defense or prosecution of the complaint of divorce then pending and not for any legal services relating to separate support or other marital problems that might arise from the marriage relationship. This is particularly so in the instant case where New York counsel was employed by the wife to ob-

tain temporary alimony for her. The statutory authorization for the allowance of sufficient money for the *prosecution or defense* of a divorce complaint cannot be construed to provide for services rendered previous to the pendency of the divorce complaint excepting, however, that during pendency allowance may be made for some past expense if it were shown that its payment was necessary to enable the wife to properly prosecute or defend the pending divorce action. *Beadleston v. Beadleston,* N. E. 8, 735, 736 (N. Y.).

> "The right to counsel fees does not obtain in every action brought by a wife against her husband. The right is a matter of statutory regulation. The existence of statutory provisions with respect to the allowance of counsel fees in actions for divorce or separation has been regarded as limiting the power of the court to grant such relief." *Ravand v. Ravand,* 78 N. Y. S. (2nd) 138, 140.

The services of New York counsel were, in the most part, directed to obtaining financial relief for their client, Mrs. Strater, under New York procedure and before the institution of a divorce action in the State of Maine. They were in no way related to or concerned with the preparation of the action of divorce which was commenced and prosecuted in Maine. Allowance to the wife of counsel fees is governed by statute which, according to our interpretation, authorizes allowance of expenses and fees for preparation and trial of a pending complaint for divorce. We find error in the presiding justice's allowance of counsel fees in the sum of $4,500.00 for New York counsel.

We now give our attention to counsel fees allowed to Maine attorneys representing Mrs. Strater. In the first instance, the case came to Maine counsel by referral on the part of New York counsel. The complaint was served, case was prepared and hearing was had. There were numerous conferences previous to hearing as would naturally be ex-

pected where a substantial amount of money and property were concerned. There was no controversy or contest as to the merits of the divorce or for custody of the child. Alimony, support of child and the amount of counsel fees became the focal points of contest. The evidence shows a necessity for counsel to represent the wife and the financial ability of the husband to pay. We have carefully examined and reviewed the record and are of the opinion that the awarding of $6,000.00 as counsel fees and disbursements of $183.40 to Maine counsel was not an abuse of discretion.

### ALIMONY

The appellant complains, according to his points of appeal, that the amount of $75,000.00 awarded to Mrs. Strater as a specific sum in lieu of alimony is excessive under the circumstances of the marriage; that it is excessive because appellee had no part in accumulating any portion of appellant's estate; that the findings of the court below considered appellant's possible future share in mother's estate and, further, that the amount is excessive because it was based on New York standards of living rather than the standards of living in Maine.

The presiding justice in making the award in lieu of alimony and for support of the child stated as follows:

"In making its order respecting alimony and support, the Court considered evidence relating the financial worth of the parties, the fact that practically all the Defendant's property was accumulated before their marriage, their relative earning capacities, their age, social backgrounds, the duration of the marriage, the circumstances under which it took place, the locations at which the parties lived during their marriage and the manner in which they lived."

It should be noted, with emphasis, that the dissolution of the marriage was caused by the fault of the husband; that

the wife stands without blame for the dissolution of the marriage. She presented her case to the presiding justice without contest as to the merits but met with contention on the questions of alimony, support of the child and counsel fees. It is obvious that the husband was content with the dissolution of the marriage. Insofar as the divorce itself is concerned, the testimony of Mrs. Strater and her witnesses stands unimpeached and uncontradicted. There is not a case where a young woman designedly marries a young man of wealth with a preconceived idea that sometime in the near future she would obtain a divorce, resulting in the award of substantial alimony. The record bears testimony to the desire of the wife to save her marriage, if possible.

"Q. Did you enter this marriage merely to give the child a name, or did you enter it with the idea of making a real marriage of it?

A. I entered it to make a real marriage of it. I was in love with Mr. Strater, and I hoped that he was in love with me. He convinced me that he was.
- - - - - - -

"Q. And did he tell you that he wanted you to go ahead and get a divorce, that there was no sense of —

A. We didn't discuss it until after the child was born. He never brought the subject up, and I thought I would try and be as pleasant and amenable as I could to see if we could get back together again. - - - - -."

The awarding of alimony is in the sound discretion of the court.

"The discretion of the Court in awarding alimony is not subject to exceptions, *Call v. Call, 65 Me., 407*; and the same rule would of course apply to any subsequent action of the Court in altering the decree. But, as in analogous situations, an abuse

of such discretion raises an issue of law." *Bubar* v. *Plant*, 141 Me. 407, 409, 410.

The appellant must demonstrate by the evidence, as shown by the record, that the presiding justice abused his discretionary powers by awarding the appellee $75,000.00 in lieu of alimony.

Some courts have spoken regarding certain considerations a judge may have in mind in determining the allowance of alimony.

"Different judges have set different standards by which to measure the amount to be allowed a divorced wife for support. Probably the most widely accepted expression of judicial thought is that the alimony should be such as to maintain the wife in the station in life to which she belongs, and in the style which the resources and the social standing and pecuniary faculties and future prospects of the husband entitle her." *Schwent* v. *Schwent*, 209 S. W. (2nd) 546, 457 (Mo.).

"- - - the court may always give consideration to securing for the wife the same social standing, comforts, and luxuries of life as she probably would have enjoyed had there been no separation." *Wills* v. *Wills*, 111 S. E. (2nd) 355, 357 (Ga.).

The granting of alimony is within the sound discretion of the court determined by many factors, including the husband's ability to pay, the wife's station in life and her financial worth and income. *Davis* v. *Davis*, 51 So. (2nd) 876 (Ala.).

In fixing the amount of alimony the court should consider the size of the husband's estate and his earning capacity; the wife's estate and her necessities measured by the social position in which her marriage has placed her. *Oliver* v. *Oliver*, 258, S. W. (2nd) 703 (Ky.).

The amount of alimony is based on the husband's income and the needs of the wife from the standpoint of the manner in which they had been accustomed to live. *Walters* v. *Walters*, 94 N. E. (2nd) 726 (Ill.).

The court in determining the amount of alimony may take into consideration the wife's age, condition of her health, her former position in the community as wife of the defendant, her material resources and her income. The court may give heed to husband's ability to pay, his age, the condition of his health, his material resources and his present income. *Fried* v. *Fried*, 84 S. E. (2nd) 576 (Ga.).

See *Eno* v. *Eno*, 65 N. W. (2nd) 145, 148 (Neb.), which states the Nebraska rule for determining the amount of alimony.

In granting alimony the court may give attention to the comparative conduct and relative responsibility of the husband and wife for the breach of the marriage tie. *Flood* v. *Flood*, 194 S. W. (2nd) 166 (Ky.).

As to circumstances affecting the allowance of alimony, attention is directed to 27A C. J. S. — Divorce — Sec. 233 (1), (2), (3), (4), (5), (6), (7), (8).

The testimony discloses the fact that Mr. Strater's net worth in securities was $937,457.00 and that his estimated net income for the year 1962, before Federal income taxes, would be $91,982.00. This was the financial evidence, insofar as Mr. Strater was concerned, presented to the justice below which, of course, constituted one of the considerations upon which he based the amounts of $75,000.00 in lieu of alimony and $50.00 per week for the support of the child.

There is no universal standard which a judge may apply in determining the amount of alimony in any given case. The nature of a divorce action, with all the human, economic and social problems flowing from it, makes it impossible to

establish a rule of thumb applicable to the determination of the amount of money a husband should pay as alimony and for the support of children. Every divorce action is different in its alimony and support aspects. Seldom, if ever, are found two cases with identical or even comparable facts. Lack of fixed standards requires a judgment based on the exercise of a sound discretion.

The case of *Spalding* v. *Spalding*, 94 N. W. (2nd) 810 (Mich.), is one treating the amendment of a divorce decree as to a child's support. The decision of the presiding justice was appealed on the grounds that he abused his discretion in establishing the amount of support. With the exercise of discretion in issue, the court, on pages 811, 812, had this to say:

"Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

"When the determination of any questions rests in the judicial discretion of a court, no other court can dictate how that discretion shall be exercised, nor what decree shall be made under it. There are in such cases no established legal principles or rules by which the law court can measure the action of the sitting justice unless indeed he has plainly and unmistakably done an injustice so apparent as to be instantly visible without argument. - - - - - 'Discretion implies that in the ab-

> sence of positive law or fixed rule the judge is to decide by his view of expediency or of the demands of equity and justice.' State v. Wood, 23 N. J. L. 560." *Goodwin* v. *Prime,* 92 Me. 355, 362.

> " 'Discretion' denotes an absence of a hard and fast rule, and when invoked as guide to judicial action, it means a sound discretion which is not exercised arbitrarily but is exercised with regard to what is right and equitable under the circumstances and the law, and directed by the reasoning conscience of the judge to a just result. *U. S. v. Schneiderman, D. C. Cal., 104 F. Supp. 405, 409, 410."* Words and Phrases, Vol. 12A, 343.

> "- - - it is well settled that judicial discretion must be exercised soundly according to the well established rules of practice and procedure, a discretion guided by the law so as to work out substantial equity and justice. It is magisterial, not personal discretion." *Bourisk* v. *Mohican Company,* 133 Me. 207, 210.

See *Wagner, Pet'r. from Decision of Judge of Probate,* 155 Me. 257. See also *5A C. J. S. — Appeal and Error,* Sec. 1583 (b).

A careful review and analysis of the evidence leads us to the conclusion that the presiding justice, in awarding Mrs. Strater the amount of $75,000.00 in lieu of alimony and in setting the amount of child's support at $50.00 per week, did not abuse his judicial discretion.

Counsel for the appellee have requested, in their reply brief, that the case be remanded to the Superior Court for the purpose of having that court entertain a motion for counsel fees for services rendered on the appeal. Although there appears to be no precedent for this action in the Maine jurisdiction, other courts have so ordered.

We are of the opinion that the Superior Court retains jurisdiction of this case until final judgment and that until

final judgment the action is a pending divorce action within the purview of Sec. 59 of Chap. 166, R. S., 1954, as amended.

> "It is no longer open to question but that a wife has a right to prosecute or defend an action for divorce and when a trial court dismisses the wife's petition for divorce, she should not be deprived of her right to appeal or of means to prosecute it during pendency. Our courts have frequently said, since the husband usually holds the purse strings, he must furnish her the means of attack or defense, else she may be left in a helpless and defenseless condition." *Bevier* v. *Bevier,* 132 S. W. (2nd) 1044, 1048, 1049 (Mo.).

Wife is entitled to counsel fees on appeal of a divorce action. *Bowler* v. *Bowler,* 31 So. (2nd) 751 (Fla.).

The appellee was granted a divorce, a substantial sum in lieu of alimony and an amount for support of a child. The appellant saw fit to appeal that portion of the justice's decision having to do with the financial aspect of the case. It is as equally important that the appellee have benefit of counsel on the appeal as it was that she be represented at the original hearing. To determine otherwise would be inconsistent with the principle as established by provisions of Sec. 59 of Chap. 166, R. S., 1954, as amended, wherein the Legislature, in order to safeguard the rights of a wife, authorized counsel be provided for her benefit at the expense of her husband. As was said in *Meaher* v. *Mitchell, supra:*

> "This statute guarantees the wife full and complete relief."

In the instant case the appellee would not be receiving full and complete relief unless she was provided with counsel for a defense of the appeal. As an appellee she had no alternative but to defend and, with such vital and serious consequences for herself and child at stake, the need of counsel was paramount.

The Superior Court has jurisdiction to consider a motion on the part of the appellee for counsel fees as the case is a pending action and remains so until final judgment. (Chap. 166, Sec. 59, R. S., 1954, as amended), (M. R. C. P., Rule 80 (c), as amended).

It is ordered:

> *Appeal allowed as to the amount of $4,500.00 decreed to James V. Ryan, Esq., New York counsel for appellee.*
>
> *Appeal denied as to the amount of $6,000.00 and disbursements in the sum of $183.40 decreed to Pierce, Atwood, Scribner, Allen & McKusick, Esqs., Maine counsel for appellee.*
>
> *Appeal denied as to the award of $75,000.00 in lieu of alimony and $50.00 per week for support of child.*
>
> *Case remanded to the Superior Court for the purpose of entertaining a motion for counsel fees for services and disbursements rendered on appeal in behalf of appellee.*