Charles W. CAPRON

v.

Marion D. CAPRON.

Supreme Judicial Court of Maine.

July 24, 1979.

---

Bernstein, Shur, Sawyer & Nelson by Brenda T. Piampiano, Portland (orally), for plaintiff.

Dunlap, Wood & O'Brien by Murrough H. O'Brien, Portland (orally), for defendant.

Before McKUSICK, C. J., WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ., and DUFRESNE, A. R. J.

ARCHIBALD, Justice.

In the Superior Court the plaintiff was granted a divorce from the defendant on grounds of irreconcilable marital differences. 19 M.R.S.A. § 691(1)(H). The defendant has appealed from that part of the divorce judgment dividing the marital property of the parties pursuant to 19 M.R.S.A. § 722–A and mandating the plaintiff to pay the defendant annual alimony in the sum of $10,000. The court also decreed that the plaintiff pay the defendant's counsel fees in the sum of $2,000, from which decree the plaintiff has cross-appealed.

We deny both appeals.

Charles W. Capron is a medical doctor specializing in radiology. His wife is a registered nurse who has also a Bachelor of Science degree in education. The couple were married in 1942; became the parents of three children, all of whom are now emancipated; separated in 1969; and finally proceeded to this divorce premised on irreconcilable marital differences, the decree thereon being dated October 31, 1978, following a hearing held on the preceding October 19th.

The parties have agreed that the justice of the Superior Court was warranted by the evidence in granting the divorce. Essentially, we are being asked by Mrs. Capron to hold that the single justice abused his discretion in dividing the marital property and in awarding alimony.

 We can see little advantage in recounting the somewhat complicated facts underlying the result reached by the Justice below.[1] Depending upon how one might interpret the record, the division of marital property resulted in assets in excess of $100,000 being assigned to Mrs. Capron with a somewhat larger amount being assigned to Dr. Capron.

The court had before it Dr. Capron's earnings' history since the 1969 separation, during which time Dr. Capron's net worth had markedly increased. The court was also aware of Mrs. Capron's earning capacity since a teaching position in the nursing field was available for her in the Portland area.

With regard to an award of alimony, this court has taken the firm position that it is impossible to establish fixed standards from which appropriate alimony payments can be computed and, thus, the judgment must be the result of the exercise of sound judicial discretion. *Strater v. Strater*, 159 Me. 508, 519, 196 A.2d 94 (1963). Unless the Law Court can determine that the court has violated some positive rule of law or has reached a result which is plainly and unmistakably an injustice that is "so apparent as to be instantly visible without argument," the ruling appealed from must be approved. *Goodwin v. Prime*, 92 Me. 355, 362, 42 A. 785, 787 (1898). Our analysis of the record in this case discloses no such abuse by the justice below and the alimony decree is not subject to reversal. *Mazerolle v. Mazerolle*, Me., 380 A.2d 1029, 1030 (1977).

The decision dividing the marital property is likewise based on a proper discretionary foundation. The justice below executed his judicial responsibility as § 722–A directed and in accordance with our procedure

---

1. See Appendix attached hereto.

suggested in *Fournier v. Fournier,* Me., 376 A.2d 100, 103 (1977).

This result is not inconsistent with that announced in *Zillert v. Zillert,* Me., 395 A.2d 1152 (1978). In *Zillert* the court approved the division of marital property made in the District Court but, under the circumstances of that case, remanded so that the District Court could "finish the job" by making it possible for title ultimately to vest in one of the parties. 395 A.2d at 1157.

■ The cross-appeal deals with only the amount of counsel fees. This record makes it clear that Mrs. Capron's counsel fees dealt only with issues generated by this particular divorce action. Considering the length of the litigation involved and its intricacies, the amount awarded was not an abuse of discretion. It is consistent with our holding in *Strater.* 159 Me. at 515, 196 A.2d 94.

The entries are:

Appeals denied.

Judgment affirmed.

POMEROY and GODFREY, JJ., did not sit.

DUFRESNE, A. R. J., sitting by assignment.

APPENDIX

Excerpt from Divorce Judgment of
October 31, 1978:

Upon the evidence and taking into consideration the present assets of each of the parties, the contributions of each of the parties to the acquisition of the marital property, including, but not limited to, the contribution of the Defendant as a homemaker, the present economic circumstances of each party, the training and earning capacity of each party, the needs and the ability to pay of each party, the extended separation of the parties, and the relationship of the parties as shown by the evidence, it is further ORDERED, ADJUDGED AND DECREED that the marital property is divided as follows:

1. To the Defendant, MARION D. CAPRON:

A. The real property situated on Hemlock Road, Windham, Maine.

B. The household furnishings and furniture situated in the said real property at Hemlock Road, Windham, Maine.

C. The automobile, the snowmobile, the boat, and other tangible personal property of like nature, now in the possession of the Defendant.

D. The savings and checking accounts now in the sole name of the Defendant.

E. Clothing and personal effects in the possession of the Defendant;

and the Plaintiff shall execute and deliver, or cause to be executed and delivered, such instruments of conveyance as are necessary to effect the said division of property to the Defendant.

2. To the Plaintiff, CHARLES W. CAPRON:

A. The real property situated on Blackstrap Road, Falmouth, Maine now occupied by Kenneth Capron, the son of the parties.

B. The household furniture and furnishings situated in the said real property on Blackstrap Road in Falmouth, Maine.

C. All right, title and interest in CWC Land Co. and its assets except for the real property on Hemlock Road, Windham, Maine provided for hereinabove.

D. The Capron family cemetery plot in New Hampshire.

E. The automobile now in the possession of the Plaintiff.

F. Clothing and personal effects in the possession of the Plaintiff.

G. All savings and checking accounts in the sole name of the Plaintiff; the proceeds of the sale of real property in Buxton, Maine; all life insurance policies on the life of the Plaintiff; all the right, title and interest of the Plaintiff in Radiology Associates; and all the right, title and interest of the Plaintiff in all insurance annuities, insurance pensions and other retirement benefits and plans and other intangible property;

and the Defendant shall execute and deliver, or cause to be delivered, such instruments of conveyance as are necessary to effect the said division of property to the Plaintiff.

Upon the evidence and taking into consideration the factors hereinabove set forth, it is further ORDERED, ADJUDGED AND DECREED:

1. That the Plaintiff pay alimony to the Defendant in the amount of $10,000.00 per year payable monthly at the rate of $833.34, the first monthly payment of $833.34 to be made on November 1, 1978 and the subsequent payments to be made on the first day of each and every month thereafter until the first to occur of the Defendant's death, the Defendant's remarriage, or the Plaintiff's death; and

2. That the Plaintiff pay the sum of $2,000.00 to Thomas J. Peterson, Esquire, the attorney for the Defendant, as counsel fees for his services in this cause.