## BANK HAPOALIM

v.

## Melvin L. STONE.

Supreme Judicial Court of Maine.

Argued May 9, 1983.

Decided May 13, 1983.

Jensen, Baird, Gardner & Henry, Michael A. Nelson (orally), Portland, for plaintiff.

Brann & Isaacson, Robert B. Gregory (orally), Alfred C. Frawley, III, Lewiston, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

### MEMORANDUM OF DECISION.

Defendant appeals from the summary judgment entered on October 15, 1982, by the Superior Court (Cumberland County) against him as guarantor of a one-year note due by its terms on August 27, 1982. He admits that the note was unpaid at the time of the judgment, and remains unpaid today, and that he has no defense to this suit on his guaranty. He contends, however, that the judgment was entered in a suit commenced prior to August 27, 1982, at a time when the default claimed by plaintiff Bank was based on its assertion that it "deem[ed] itself insecure" within the terms of the note's acceleration clause; that the Bank was unjustified in so deeming itself insecure; and that the judgment should be vacated in order that the Superior Court might adjudicate the validity of the Bank's earlier assertion of the acceleration clause.

What defendant-appellant seeks from us, and from the Superior Court if we should vacate and remand, is a completely idle, academic exercise. Even if the trial court were to determine that the due date of the note had not been validly accelerated, the note in any event became due and payable by its terms not later than August 27, 1982. The Superior Court was entirely correct in ruling on October 15, 1982, that "there [was] no genuine issue as to any material fact and that [plaintiff Bank was] entitled to a judgment as a matter of law." M.R. Civ.P. 56(c).

Under the terms of the note and the guaranty given by defendant, the Bank is entitled to recover from defendant its attorneys' fees on appeal. On remand, the amount of those fees shall be fixed by the Superior Court. *See Strater v. Strater*, 159 Me. 508, 196 A.2d 94 (1963).

The entry is

Judgment affirmed.

Remanded to the Superior Court for award to plaintiff Bank of counsel fees on appeal.

All concurring.