Russell MacDONALD

v.

Martha Stickney MORIARTY.

Supreme Judicial Court of Maine.

Argued May 14, 1983.

Decided June 7, 1983.

Hanscom & Carey, P.A., Thomas S. Carey (orally), Rumford, for plaintiff.

Preti, Flaherty & Beliveau, Franklin A. Poe (orally), Rumford, for defendant.

Before GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

## MEMORANDUM DECISION

Plaintiff MacDonald appeals from a Superior Court, Oxford County, denial of his appeal from a District Court order requiring him to pay Moriarty's attorneys' fees in his child custody action. We affirm the judgment.

On May 19, 1982, a judgment was entered denying MacDonald's motion for custody and ordering MacDonald to pay Moriarty's attorneys' fees. MacDonald contends on appeal that M.R.Civ.P. 80G(c), which permits the assessment of attorneys' fees in custody actions "[a]t any time prior to judgment," required that the award of attorneys' fees be entered on the docket in a separate order prior to the order denying his custody motion. Even assuming that the incorporation of the two orders into one docket entry violated Rule 80G(c), however, the attorneys' fee award had already been entered separately on the docket on May 12, 1982. We therefore find no merit to MacDonald's appeal.

We do, however, order the case remanded to the District Court for the sole purpose of entertaining a motion for consideration of awarding attorneys' fees on appeal to Moriarty. *See Gardner v. Perry,* 405 A.2d 721, 726 (Me.1979); *Strater v. Strater,* 159 Me. 508, 521–22, 196 A.2d 94, 101 (1963).

The entry is:

Appeal denied.

Judgment affirmed.

Case remanded to the Superior Court to remand to the District Court for the purpose of entertaining a motion for Moriarty's attorneys' fees on appeal.

All concurring.