## CIRCUIT COURT OF FAIRFAX COUNTY

Susan L. Touchton

v.

Randall E. Touchton

### February 11, 1992

### Case No. (Chancery) 110952

BY JUDGE THOMAS J. MIDDLETON

This matter arises out of a divorce action and came to be heard on Complainant/Wife's Motion to Increase Child Support. Defendant/ Husband subpoenaed the Wife's new husband to appear at the hearing. Prior to the hearing, the Wife moved the court to quash the subpoena on the grounds that evidence of her new husband's income was irrelevant to a determination of support for children from her former marriage. Although an Order was never entered, Judge Johanna L. Fitzpatrick, according to representation of counsel, denied the Motion to Quash.

Approximately one week later, at the hearing on the Motion to Increase Child Support, Mr. Plevy, counsel for the Wife, renewed his objection to calling her new husband, Mr. Litwinetz, as a witness. The court sustained the objection. After the hearing, based on the court's exclusion of Mr. Litwinetz's testimony, Mr. Plevy requested (1) attorney's fees incurred in conjunction with the Motion to Quash, and (2) lost wages for Mr. Litwinetz, who had taken leave from work in order to comply with the subpoena.

For reasons set forth below, the court denies the Wife's motion for attorney's fees and lost wages.

The general rule is that each party must bear his or her own attorney's fees in the absence of statutory authorization to the contrary. The Virginia Code includes statutory authorization for attorney's

fees in both a pendente lite support order and a final divorce decree. Va. Code §§ 20–71.1, 20–79. The Code does not, however, specifically authorize the court to award attorney's fees in a support modification order.

A well-established exception to the general rule allows the imposition of sanctions, which may include attorney's fees and costs, against a losing party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. If the court finds, therefore, that Mr. Litwinetz was subpoenaed in bad faith, it may impose sanctions on the husband or his counsel in the amount of attorney's fees or lost wages.

The Virginia Code authorizes the imposition of sanctions in certain circumstances. Va. Code § 8.01–271.1 provides, in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that . . . (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . .
>
> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

Rule 4:1(g) of the Rules of the Supreme Court of Virginia sets forth a similar standard for the imposition of sanctions for discovery abuse. That Rule provides, in pertinent part:

> The signature of the attorney or party constitutes a certification that . . . to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry it is: (1) . . . warranted by existing law or a good faith argument for extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to

> cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive . . . .
>
> If a certification is made in violation of this rule, the court, upon motion or upon its own initiative, shall impose . . . an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Applying the above standards to the subpoena of Mr. Litwinetz, the court finds (1) that the subpoena was not unwarranted by existing law; (2) that it was not interposed for any improper purpose; and (3) that it was not unreasonable or unduly burdensome or expensive.

Virginia courts have not determined whether evidence of a new spouse's income is relevant to a proceeding to determine support of a child from a former marriage. Va. Code § 20–108.1(A) provides:

> In any proceeding on the issue of determining spousal support, the court shall consider all evidence presented relevant to any issues joined in that proceeding.

Va. Code § 20–108.1(B) sets forth certain factors which the court may consider to rebut the presumption that the amount set forth in the child support guidelines is correct. One such factor is the "earning capacity, obligations and needs, and financial resources of each parent." Va. Code § 20–108.1(B)(11). Another is the "independent financial resources, if any, of the child or children." Va. Code § 20–108.1(B)(9). Although the law is unsettled in Virginia, a good faith argument can be made, and has been made in other jurisdictions, that evidence of a new spouse's income may be relevant to one or both of these factors. *See, e.g., Gardner v. Perry*, 405 A.2d 721 (Me. 1979). Therefore, even though the court sustained Mr. Plevy's objection to the witness, it finds that Mr. Gannon's subpoena was neither frivolous nor unwarranted by existing law. The court finds further that the subpoena was not interposed for any improper purpose and that it was not unreasonable, unduly burdensome, or expensive.

For all the foregoing reasons, the court denies the motion for attorney's fees and for Mr. Litwinetz's lost wages.