Rosita M. **MAZEROLLE**

v.

Denis R. **MAZEROLLE.**

Supreme Judicial Court of Maine.

Dec. 29, 1977.

Harold C. Hamilton (orally), Jordan I. Kobritz, Bangor, for plaintiff.

Ferris A. Freme, Caribou (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Denis R. Mazerolle, M.D., has appealed from an order of the Superior Court increasing payments to his former wife for the support of their five children.[1]

We deny the appeal.

## I

█ Appellant's first argument is that a review of all the evidence adduced at the 1977 hearing depicted his current financial position as "actually worse in 1976 than 1973" when the last increase in support payments was ordered since, although the net income was greater in 1976 than it was in 1973, the appellant's liabilities had dramatically increased. Despite all this, however, his 1976 gross income was in the vicinity of $100,000.00. Additionally, although he was subject to serious interest obligations, he had become the half owner in a former restaurant building now remodelled and equipped to contain four doctors' offices. A local bank had taken a mortgage for $180,000.00 thereon from Dr. Mazerolle and the co-owner.

On the other side of the coin, his former wife did offer evidence in the form of her own testimony indicating a change in her circumstances and increased needs of the children which necessitated additional support payments.

Our problem is to determine whether the decision reached by the Justice below finds sufficient support in the evidence to demonstrate a sound and proper exercise of judicial discretion. Our review of the record indicates that the Justice below exercised appropriate judgment in accordance with our mandate in *Strater v. Strater*, 159 Me. 508, 518–19, 196 A.2d 94, 99 (1963). *See also Fournier v. Fournier*, Me., 376 A.2d 100, 103 (1977).

## II

█ Appellant's second argument is that the former wife's earning capacity and ability to support the five children were disregarded. We have already pointed out that it was proper for the Justice below to conclude that Dr. Mazerolle had the financial ability to provide a reasonable level of support for these children. *Pendexter v. Pendexter*, Me., 363 A.2d 743, 746 (1976). Neither can the appellant gain any solace from the concurring opinion of former Chief Justice Dufresne in *Pendexter* since it is clear beyond dispute that the earning capacity of Dr. Mazerolle so far exceeded (approximately 10 to 1) that of his former wife that it would be impossible to say, in reviewing judicial discretion, that it was error not to give consideration to her earning capacity. As was pointed out by the Justice below, the amount of the increase awarded represented "less than one-third of Defendant's increased spendable income and is to be applied to the support of five-ninths of the persons dependent upon him."[2]

## III

█ Finally, appellant argues that it was error for the Court to accept into evidence a list prepared by Mrs. Mazerolle of living expenses. It is true that Mrs. Mazerolle did testify from a list on which she had recorded various items of monthly expense. Likewise, it is true that Dr. Mazerolle produced

---

1. In 1971 Dr. Mazerolle was granted a divorce but custody of the children was awarded to Mrs. Mazerolli. The initial support order required payments of $42.00 per child per week, which was increased in 1973 to $47.00 per child per week. The order appealed from increased the per child award to $57.00.

2. Dr. Mazerolle had remarried and had one child with another then "on the way."

a list that he used in testifying as to his spendable income. This list was offered to the presiding Justice and the record disclosed the following response:

"I might suggest for the convenience of the Court's note taking and not as separate evidence that I would like each party to submit their respective list."

It is thus clear that the list was not used as substantive evidence and, therefore, is distinguishable from such a list as was considered in *Pendexter*, 363 A.2d at 746.

█ It was entirely proper for both litigants to use their respective lists while testifying. This accords with Rule 612(a), M.R.Evid., which provides:

"If, while testifying, a witness uses a writing or object to refresh his memory, an adverse party is entitled to have the writing or object produced at the trial, hearing, or deposition in which the witness is testifying."

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.

McKUSICK, C. J., and POMEROY, WERNICK, GODFREY and NICHOLS, JJ., concur.