**Linda M. (LaCombe) ABSHER**

v.

**Michael A. LaCOMBE.**

Supreme Judicial Court of Maine.

Argued Jan. 13, 1981.

Decided July 29, 1981.

Anne Pilsbury (orally), Norway, for plaintiff.

Kurtz & Myers, Theodore H. Kurtz (orally), South Paris, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, ROBERTS, and CARTER, JJ.

NICHOLS, Justice.

This appeal presents a challenge to the Superior Court's discretionary power to modify portions of a divorce decree relating to child support and providing for the subsequent exercise of a "choice of domicile" by the parties' children. Once again we emphasize the high deference which is due the divorce court's ruling in such cases by the appellate court.

On July 1, 1977, the Plaintiff, Linda M. LaCombe (since. remarried and now known as Linda Absher) and the Defendant, Michael A. LaCombe, were divorced in Superior Court (Oxford County). Incorporated

into that divorce decree was a separation agreement providing for joint custody of their two minor children, Michael and David; that agreement stipulated that the boys would live with their mother during the school year, and with their father during the summer. The agreement, however, provided that when Michael and David reached the ages of 12 and 10, respectively, they could elect to change this living arrangement so as to spend the school year with their father and the summer with their mother.

For child support the Defendant father agreed to pay the following: $200.00 per child per month during the nine months while living with their mother; all reasonable and necessary medical, hospital and dental expenses; all reasonable and necessary clothing and sporting equipment for the children while living with their mother, not to exceed $675.00 per year; all reasonable expenses incident to the boys' college education; and all expenses incurred in providing for the children during the summer months while living with their father.

On March 13, 1980, the Plaintiff moved to modify the divorce decree,[1] requesting (1) that child support be increased from $200.00 to $250.00 per child per month on grounds that increased costs, attributable to inflation, of caring for the children had created a material change of financial circumstances since the divorce was granted, and (2) that the clause concerning choice of domicile be either deleted or clarified. The court denied the motion, after hearing,

finding "nothing on this record to justify an increase in support."[2] The court also found "nothing inappropriate" in the choice of domicile provision.

The Plaintiff reasonably appeals from the denial of her motion.

■ As her first argument on appeal the Plaintiff asserts that the court abused its discretion in denying her motion for increased child support. The thrust of her argument is that the inflationary effects of the past four years have created a sufficient material change in circumstances to warrant a moderate increase in the Defendant's child support payments. While we recognize that inflation may be *one of several factors* to be considered in determining the need to increase child support payments,[3] we find no error in the court's conclusion that the Plaintiff in the instant case failed to sustain her ultimate burden of proof as that burden is described below.

It is well settled that the courts may modify that portion of a divorce decree providing for child support where a material change in circumstances so warrants a modification.[4] *See, e. g., Mitchell v. Mitchell*, Me., 403 A.2d 1214, 1217 (1979); *Mazerolle v. Mazerolle*, Me., 380 A.2d 1029, 1030 (1977); *Miller v. Miller*, 64 Me. 484, 488 (1874). *See generally*, Annot. 61 A.L.R.3d 657 (1975).

■ The burden, in a proceeding for modification, rests upon the movant to demonstrate by a preponderance of the evidence[5] that an increase in support pay-

---

1. M.R.Civ.P. 80G(g) provides that "[p]roceedings for modification or enforcement of the judgment in actions for support or custody shall be on motion in the manner provided in Rule 80(j) of these rules." Rule 80(j) provides for the service of a copy of the motion together with notice of hearing upon the opposing party.

2. We are aware that the court did increase the yearly allotment for clothing and sports equipment to $1,000.00. This increase, however, does not concern the instant appeal. The Plaintiff focuses instead on the denied increase in monthly child support payments.

3. *See, e. g., Lepis v. Lepis*, 83 N.J. 139, 416 A.2d 45 (1980); *Cole v. Cole*, 44 Md.App. 435, 409 A.2d 734 (1979).

4. In pertinent part 19 M.R.S.A. § 752 (1981) provides: "The court making an order . . . for child support . . . may alter its order concerning the care, custody and support of the minor children from time to time as circumstances require . . . ." *See Wood v. Wood*, Me., 407 A.2d 282, 286–87 (1979).

5. The Uniform Marriage and Divorce Act § 316, provides that "the provisions of any decree respecting maintenance or support may be modified . . . only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." Although the Uniform Act has not been adopted in Maine and we have not utilized such a strict standard, we recognize the need "to discourage repeated

ments is necessitated by changed circumstances which render the child support provisions of the previously existing decree inadequate. The second element of this two-tier burden of proof requires a showing that the party already making child support payments has the sufficient financial resources to meet the requested increase. *See Mitchell v. Mitchell, supra* at 1217.

We conclude that on the record made in this case the Superior Court exercised sound judicial discretion in ruling that the Plaintiff failed to meet her ultimate burden of proof. We note particularly the absence of credible evidence demonstrating that the presently existing child support provisions are inadequate. Clearly, we are unable to conclude that the Superior Court reached a result constituting a plain and unmistakable injustice "so apparent as to be instantly visible without argument." *Capron v. Capron*, Me., 403 A.2d 1217, 1218 (1979), *quoting Goodwin v. Prime*, 92 Me. 355, 362, 42 A. 785, 787 (1898). *See also Small v. Small*, Me., 413 A.2d 1318, 1321 (1980). Accordingly, we affirm the Superior Court's denial of the Plaintiff's motion to increase child support.[6]

■ The Plaintiff also contends on appeal that the Superior Court abused its discretion in refusing to take any remedial action with regard to the choice of domicile clause contained in the separation agreement. She argues that the clause as written leaves the matter of choosing domicile in 1982 totally in the hands of her children, thereby inviting "lobbying" by the Defendant. This "lobbying" she asserts, has caused her son, Michael, to suffer physical and emotional stress.

In child custody matters the paramount concern of the court is to act in the best interest of the child. *Costigan v. Costigan*, Me., 418 A.2d 1144, 1146 (1980); *Osier v. Osier*, Me., 410 A.2d 1027, 1030 (1980). So long as the divorce court acts as a "wise, affectionate, and careful parent," we will not overturn the judgment provided there is rational evidentiary support for the decision. *Sheldon v. Sheldon*, Me., 423 A.2d 943, 946 (1980), *quoting Cooley v. St. Andre's Child Placing Agency*, Me., 415 A.2d 1084, 1086 (1980).

In denying the Plaintiff's motion to either delete or modify the choice of domicile clause, the Superior Court stated:

[T]he Court understands the Paragraph in issue to mean that in 1982 the wishes of the cildren [sic] will be considered in determining whether a change should be made and that the parties will consult the children in that regard. The Court sees nothing inappropriate in that provision. While the provision permits lobbying, any custody award, and particularly a joint one, suffers from this defect.

We recognize the delicate and sensitive situation presented by the inclusion of such a provision in a divorce judgment. There may be "lobbying" by the parents and resulting stress on the children as the date for exercising the choice of domicile draws near. *See Sheldon v. Sheldon, supra* at 946. Although a provision of this nature invites these potential concerns, we are constrained, nonetheless, at this appellate level to review the decision of the Superior Court

---

or insubstantial motions for modification" as reflected in the Commissioner's Note to § 316.

**6.** In reviewing the finding of historic facts in divorce cases, just as in other appeals, our function is simply to determine whether the presiding justice below exercised sound judicial discretion supported by sufficient credible evidence. *See e. g., Mazerolle v. Mazerolle, supra* at 1030; *Gardner v. Perry*, Me., 405 A.2d 721, 725 (1979). As we explained in *Strater v. Strater*, 159 Me. 508, 518–19, 196 A.2d 94, 99 (1963):

There is no universal standard which a judge may apply in determining the amount

of alimony in any given case. The nature of a divorce action, with all the human, economic and social problems flowing from it, makes it impossible to establish a rule of thumb applicable to the determination of the amount of money a husband should pay as alimony and for the support of children. Every divorce action is different in its alimony and support aspects. Seldom, if ever, are found two cases with identical or even comparable facts. Lack of fixed standards requires a judgment based on the exercise of a sound discretion.

for an abuse of discretion, the customary standard of review in divorce cases.

In sum, the denial of this motion by the Superior Court constituted no abuse of discretion. Accordingly, we affirm the court's refusal to amend the challenged clause prior to the effective date earlier agreed upon for its application.

The entry is:

Appeal denied.

Judgment affirmed.

Parties to bear their respective costs.

All concurring.