Sandra EATON

v.

Thomas L. EATON, Jr.

Supreme Judicial Court of Maine.

Argued June 10, 1982.
Decided July 23, 1982.

Strout, Payson, Pellicani, Cloutier, Hokkanen & Strong, Joseph B. Pellicani (orally) Frederick M. Newcomb, III, Rockland, for plaintiff.

Givertz & Lunt, Phyllis G. Givertz (orally), Portland, for defendant.

Before McKUSICK, C.J., and GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

The defendant, Thomas Eaton (Thomas), has appealed a judgment entered in Superior Court, Waldo County, which granted the plaintiff, Sandra Eaton (Sandra), a divorce on the ground of irreconcilable differences. In its judgment the court awarded custody of the one child to Sandra and effectuated a distribution of the marital and nonmarital property. On appeal Thomas takes issue only with the Superior Court's distribution of marital property. With minor modification, we affirm the judgment.

At the time of the marriage in 1976, Sandra owned a farm in New Hope, Pennsylvania. After the marriage Sandra and Thomas resided on the farm. Both Sandra and Thomas suggested in their testimony that each had worked at remodeling and maintaining rental units on the property.

Although these improvements apparently increased rental values, the testimony of the parties regarding the extent of work they performed was inconclusive.

In 1978 Thomas adopted Sandra's child. At the same time, Sandra transferred title of the farm from herself into herself and Thomas as tenants by the entirety. Sandra testified that she did so at the request of Thomas and in an attempt to shore up a deteriorating marriage. Thomas testified that he never asked Sandra to transfer title.

In January 1980, the parties sold the Pennsylvania farm for $150,000 in cash and a promissory note of $135,000 secured by a purchase money mortgage. Out of the net proceeds the parties paid off two mortgages—a first mortgage of $67,000 entered into prior to the marriage and solely the responsibility of Sandra and a second mortgage of $4,000 entered into after the transfer into a tenancy by the entirety.

The parties purchased a farm in Lincolnville, Maine, at a cost of $115,000. Seventy thousand dollars of the purchase price was financed by a mortgage for which both parties were liable. Title was taken jointly, according to Sandra, for the same reasons which existed for the transfer of the Pennsylvania property.

Sandra testified that while in Pennsylvania her only source of income was rental income. She also testified that her only source of income in Maine consisted of monthly payments of $1581 received from the Pennsylvania mortgage. Sandra testified that between 1976 and 1979 Thomas earned approximately $40,000. Of this, approximately $7,000 was contributed to a "household account." Thomas, however, testified that between 1975–1980, he earned approximately $74,000. Thomas currently works as a self-employed carpenter and nets approximately $300 per week.

The parties agreed to divide their personal property. Sandra received her premarital personal property, farm equipment worth $8,500, livestock worth $3,000, household items worth $5,000, and other items

not disclosed by the record. Thomas received, among other things, his premarital property, a truck, tools worth $3,500, and household items worth $1,764.

■ In its opinion and order the Superior Court awarded custody of the parties' minor child to Sandra, specifically providing that Thomas would be under no obligation to pay child support. The court then awarded Sandra the principal and interest payments from the Pennsylvania mortgage and the Lincolnville farm with the obligation for paying all debts on the Lincolnville property and the further obligation of "assum[ing] responsibility for debts of the marriage other than those debts attributable to personal property." The court did not order Thomas to pay Sandra alimony.[1]

Thomas presents two issues on appeal. He first contends that the Superior Court justice "misapprehended" the law as it relates to the division of marital property under 19 M.R.S.A. § 722–A. This misapprehension, argues Thomas, is clear from the face of the Superior Court decision inasmuch as the order (1) "is replete with references to the fact that [Sandra] owned the Pennsylvania farm at the commencement of the marriage," (2) indicates the fact that the trial court "attached some significance to the fact that the marriage was 'not of long duration'" and (3) constitutes "a condemnation of [Thomas'] conduct during the marriage."

■ The first issue upon which Thomas relies is unavailing. 19 M.R.S.A. § 722–A provides in part that "the court shall ... divide the marital property in such proportions as the court deems just after considering all relevant factors, including ... the contribution of each spouse to the acquisition of the marital property...." The Superior Court acted properly, therefore, in considering Sandra's contribution. Moreover, the three factors enumerated by 19 M.R.S.A. § 722–A(1) are not exclusive. The court is specifically empowered by that

section to consider *all* relevant factors. In this context and given these circumstances, we think that *if* the Superior Court considered the duration of this marriage when determining the disposition of marital property it was justified in so doing.

■ Thomas is, of course, correct when he contends that marital fault, at least insofar as it relates to non-economic issues, is an inappropriate consideration in the distribution of marital property. *Boyd v. Boyd*, Me., 421 A.2d 1356, 1357–58 (1980). The record, however, does not support Thomas' contention that the Superior Court considered fault as a factor when it ordered the disposition of the parties' marital property. Thomas claims that "[t]he Decision and Order is charged with language that can only be read as a condemnation of Appellant's conduct during the marriage." To support this contention Thomas notes that the Order refers twice to the fact that the marital relationship was deteriorating before the title of the Pennsylvania property was transferred. We fail to see the implication, which Thomas claims to exist in these passing references, "that Appellant was somehow blameworthy...." Moreover, these remarks are contained within that portion of the Superior Court's decision which relates the facts underlying the case. The Superior Court obviously has the duty and obligation to relate the underlying facts of the case. This Court on appeal must read the decision as a whole. To seize upon a reference which, in our view, fails to generate any inference that the Superior Court considered fault as a factor, as grounds for appellate relief would do a grave injustice.

■ Thomas also argues that the Superior Court abused its discretion when it divided the marital property of the parties. He claims that it is "patently clear" that the trial justice "totally disregarded" testimony tending to show what Thomas would like to believe was a substantial contribution to the value of the parties' marital property.

1. Although the intention of the Superior Court is sufficiently clear to permit appellate review, we must direct that the judgment be modified to include a more specific reference to the real estate for the protection of record title. *See Baker v. Baker*, Me., 444 A.2d 982, 986–87 (1982); *Parent v. Parent*, Me., 425 A.2d 975, 976 (1981).

The record, however, clearly indicates that although it did not lend much weight to the testimony, the court did consider such evidence. As to the overall disposition of the marital property, the appellant again has failed to demonstrate error. The fact that Sandra was awarded the real property in Maine and the proceeds of the Pennsylvania mortgage, which in effect returned the parties to their premarriage status quo, does not, without more, require a determination by this Court that the Superior Court abused its discretion. Although Sandra admittedly enjoys the exclusive benefits of the farms, at the same time, with minimal earning ability, she alone must fulfill the obligations of ownership as well as the obligations of supporting herself and her child.

We conclude, therefore, that the ultimate result rendered by the Superior Court does not demonstrate either a consideration of improper factors or a refusal to consider proper factors necessary for a just division of marital property. Nor has Thomas demonstrated any abuse of discretion on the part of the Superior Court. Although we find no merit in the issues raised by the appellant, the lack of a specific identification of the property at issue, *see* note 1, *supra*, requires us to remand the case for modification of the judgment.

The entry is:

Remanded to the Superior Court for amendment of its judgment to include a specific identification of the property in Lincolnville held by the plaintiff. As so modified, the judgment is affirmed.

All concurring.