Maureen HEBERT

v.

Wilfred HEBERT, Jr.

Supreme Judicial Court of Maine.

Argued March 6, 1984.

Decided April 17, 1984.

Grant & Linthicum, Carrie L. Linthicum (orally), Presque Isle, for plaintiff.

William J. Smith (orally), Van Buren, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

GLASSMAN, Justice.

The defendant, Wilfred Hebert, Jr., appeals from a judgment of the Superior Court, Aroostook County, which amended the parties' original divorce decree by providing for distribution of the marital property, ordering the defendant to make support payments, and awarding the plaintiff her attorney's fees. We vacate the award of attorney's fees and remand the award of arrearages, but affirm the judgment in all other respects.

Maureen and Wilfred Hebert were married in Albany, New York, in 1963. They had five children.[1] Maureen and Wilfred separated on December 20, 1980, the day

1. At the time of the April 24, 1981, interim order, all five children were minors. Only four of the children were minors when the amendment to the divorce decree was entered on December 20, 1982.

Wilfred sexually assaulted their 16-year-old daughter. He was arrested and subsequently convicted of gross sexual misconduct, in violation of 17–A M.R.S.A. § 253 (1980). This court affirmed the judgment of conviction in *State v. Hebert*, 448 A.2d 322 (Me.1982).

On January 30, 1981, Maureen filed a complaint for divorce on the ground of cruel and abusive treatment. On April 24, 1981, a hearing was held on Maureen's motion pending divorce. The court ordered, *inter alia*, Wilfred to pay $40 per week per child for support, and pay Maureen's counsel's fees in the amount of $300.

A divorce judgment was entered on August 3, 1982, granting the parties a divorce on the ground of irreconcilable marital differences.[2] This judgment further provided "there will be no alimony payments to either party. All other issues shall remain pending for further hearing." The hearing was held in the Superior Court on November 12, 1982, after which a second divorce judgment was entered, granting Maureen custody of the four minor children. That judgment further provided that "by agreement ... issues of the division of marital property, alimony, support and counsel fees [are] deferred pending decision of the Court thereon, which decision will be considered as an amendment of this final divorce decree."

The promised amendment was entered on December 20, 1982,[3] dividing the marital property, ordering Wilfred to pay $11,000 in a lump sum for past due child support and $50 per week per child, a total of $200 per week, thereafter, and awarding the plaintiff $4,525.70 in attorney's fees. The court made no provision for alimony. The defendant appeals.

The defendant first argues that the distribution scheme devised by the court gave the plaintiff a disproportionate share of the

marital property, and improperly took into consideration the defendant's criminal conviction. We find no error on either score.

■ The statute regulating disposition of property on divorce, 19 M.R.S.A. § 722–A (1981), provides, in pertinent part:

1. *Disposition.* In a proceeding ... for a divorce, ... the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors, including:

A. The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

B. The value of the property set apart to each spouse; and

C. The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

The three factors enumerated in section 722–A(1) are not exclusive. "The court is specifically empowered by that section to consider *all* relevant factors." *Eaton v. Eaton,* 447 A.2d 829, 831 (Me.1982) (court properly considered duration of marriage as a "relevant factor").

■ The Superior Court decree quoted section 722–A(1), and stated:

Among those "factors" must be included the Law Court decision, (*State v. Hebert,* 448 A.2d 322 (Me.1982)), the fact that the Plaintiff has custody of the children, and the fact that the Defendant is grossly in arrears in child support. However, the Defendant was diligent in his employment and, by his labor, created the cash position the parties are in.

In reading the decision as a whole, as we must, we do not construe the court's refer-

---

2. In the absence of any contrary indication in the record, we assume the court granted an oral *motion of the plaintiff, without* objection by the defendant, to amend her complaint to allow the judgment to issue on this ground.

3. We wish to make clear our dissatisfaction with such a piecemeal procedural approach to divorce adjudication.

ence to the defendant's criminal conviction as evidence that the court improperly considered the defendant's "fault" or "marital misconduct" as it distributed the marital property. Rather, we believe the court was alluding to the fact of the defendant's present incarceration and attendant lack of living expenses—his "present economic circumstances"—a consideration mandated by section 722–A(1)(C). *See Eaton v. Eaton,* 447 A.2d at 831; *Boyd v. Boyd,* 421 A.2d 1356, 1359 (Me.1980).

■ As we have often explained, "the disposition of marital property is a matter committed to the sound discretion of the divorce court, [and] that court's decision is reviewed only for abuse of discretion." *Stevens v. Stevens,* 448 A.2d 1366, 1371 (Me.1982). *See Bryant v. Bryant,* 411 A.2d 391, 393 (Me.1980); *Zillert v. Zillert,* 395 A.2d 1152, 1157 (Me.1978); *Fournier v. Fournier,* 376 A.2d 100, 103 (Me.1977).

■ The court appropriately awarded the family home to the plaintiff, who had earlier been granted custody of the minor children. *See* 19 M.R.S.A. § 722–A(1)(C). During their marriage, Wilfred and Maureen had accumulated substantial amounts of money in several bank accounts. The court divided the bank accounts and other remaining marital assets nearly equally between the parties, with the defendant in fact receiving somewhat more cash than the plaintiff. We discern no abuse of discretion in the division of the marital property.

The defendant further contends that because the issue of support arrearages was not mentioned in the plaintiff's pretrial memorandum, the court erred in ordering him to pay $11,000 in past due support. We find no error on this ground.

Both the plaintiff and the defendant in their pretrial memoranda identified support as an issue, as did the pretrial order. At the November 12 hearing, the plaintiff testified at length as to the support arrearages, without objection by the defendant. As a result of that hearing, the court entered a judgment reciting that "by agreement ... the issue of support" would subsequently be decided by the court in an amended judgment.

■ There is no statutory prohibition against the ordering of a lump sum support payment, or any impropriety in the court's consideration of the plaintiff's testimony that the defendant had failed to adhere to the earlier court order and was $11,000 in arrears in his support obligation. We have previously recognized the authority of the divorce court to award to the payee spouse such "unpaid support" arrearages. *Grishman v. Grishman,* 407 A.2d 9, 12 (Me. 1979). *See also Tibbetts v. Tibbetts,* 406 A.2d 78, 80 (Me.1979).

■ At the November 12, 1982, divorce hearing Maureen testified she had received A.F.D.C. payments during part of the time the support arrearage was accruing, and was still receiving assistance at the time of the hearing. The defendant raises the issue, and the plaintiff concedes, that the court's amended judgment did not provide, as required by statute, that a portion of the arrearage should be paid to the Department of Human Services rather than to Maureen. Title 19 M.R.S.A. § 776(5) (1981) provides: "If a child is receiving public assistance, the court support order shall require that support payments be made to the department for the period of public assistance." Because the present order failed to impose this requirement, we remand the award of the arrearage for appropriate modification by the court to determine what portion of the support arrearage is to be paid to the Department of Human Services.

■ The defendant also argues that the $200 per week child support obligation is excessive in view of his incarceration. Title 19 M.R.S.A. § 752 (Supp.1983–1984) gives the divorce court wide discretion in formulating appropriate orders for support. *See Gardner v. Perry,* 405 A.2d 721, 725 (Me.1979); *Pendexter v. Pendexter,* 363

A.2d 743, 750 (Me.1976); *Strater v. Strater*, 159 Me. 508, 518–20, 196 A.2d 94, 99 (1963). "Each case tends to be unique and to require an inquiry into all of its relevant factors before a wise and equitable order can be framed that best balances the conflicting interests at play." *Gardner*, 405 A.2d at 725.

◼ We find no abuse of discretion in that part of the order setting the defendant's support obligation at $200 per week. Although it is true that at the time the order was entered the defendant was incarcerated and consequently had no earned income, it is clear that assets other than earned income may properly be considered by the court in setting the amount of support. In *Pendexter*, we stated:

> In fixing the amount to be contributed by the father for the support of the minor children of divorced parents, the court should consider the needs of the children, the assets of each parent, their respective ages, earning capacities, incomes and indebtedness, state of health, future prospects, the existence of other dependents, and any other factors which will aid the court in reaching a just and equitable result, having in mind that the primary state purpose is to implement the natural duty of both parents to support their offspring.

363 A.2d at 750. The amended divorce decree awarded Wilfred Hebert approximately $40,000 in cash and other assets. We are not persuaded that the court abused its discretion in setting the amount of his support obligation.[4]

The final contention of the defendant on this appeal is that the court erred in ordering him to pay the plaintiff's attorney's fees, as the plaintiff did not raise this issue in her pretrial memorandum and it was not among the issues to be tried listed on the pretrial order.

◼ The court has discretion, under 19 M.R.S.A. § 722(3) (1981), to order such payments:

> When making a final decree, the court may order a party charged with payment of support, alimony or money in place of alimony to pay reasonable counsel fees. Counsel fees awarded in the nature of support may be made payable immediately or in installments.

The plaintiff made it clear both in her complaint for divorce and at the November 12, 1982, hearing that she was requesting the court to award her attorney's fees. The decree issued after the hearing expressly stated adjudication of the fee issue was reserved, and would be decided in the forthcoming amendment of the divorce decree. We do not find the deficiency in the pretrial memorandum fatal to the plaintiff's request.

◼ However, we vacate the award because of the lack of evidence as to the reasonableness of the requested amount. The only information the court had relating to the fee was plaintiff's counsel's presentation of his bill to the court, with a copy to defense counsel. There was no evidence that the parties had entered into an agreement that this informal procedure would suffice, nor any agreement as to what would be a reasonable fee under the circumstances. At the very least, an affidavit attesting to the plaintiff's fee agreement with her lawyer, counsel's customary hourly rate, and other such basic facts, was necessary to allow the court to make a valid calculation as to what amount constituted "reasonable counsel fees" in this case. Even though the award or denial of counsel fees is within the discretion of the trial court, when, as here, there is an insuf-

---

4. In pertinent part, 19 M.R.S.A. § 752 (Supp. 1983–1984) provides: "The court making an order ... for child support ... may alter its order concerning the care, custody and support of the minor children from time to time as circum-stances require ... upon motion of either party ...." The defendant is free to move for a change in his support obligation at such time as he believes a material change in his circum-

ficient record, we must set aside the award.[5]

The entry is:

Judgment affirmed except as follows:

Award of attorney's fees vacated and remanded for further proceedings consistent with this opinion.

Award of arrearages remanded for designation of amount to be paid to the Department of Human Services, consistent with this opinion.

All concurring.

stances warrants a modification. *See Absher v. LaCombe,* 432 A.2d 1241, 1242 (Me.1981).

**5.** A request for attorney's fees should not result in a second major litigation. Ideally, litigants will settle the amount of fee. When settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. We reemphasize that the trial court has discretion in determining the amount of fee. This is appropriate in view of that court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what are essentially factual matters. It remains important, however, for the trial court to provide a concise but clear explanation of its reasons for grant or denial of the fee award. *See Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Smith v. Smith,* 419 A.2d 1035, 1040 (Me.1980) ("Generally speaking, an award of counsel fees is to be based on the parties' relative capacity to absorb the costs of litigation.").