**Priscilla R. ADAMS**

v.

**Brenton K. ADAMS.**

Supreme Judicial Court of Maine.

Argued June 5, 1986.

Decided June 25, 1986.

Quigley & Currier, Margaret W. Thompson, (orally), Presque Isle, for plaintiff.

Freme & Freme, Ferris Freme (orally), Caribou, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant Brenton K. Adams (Brenton) appeals from a divorce judgment of the Superior Court (Aroostook County) awarding custody of the couple's two children to the plaintiff, Priscilla R. Adams, (Priscilla), ordering Brenton to pay support for one of the children, and dividing the couple's marital property. We sustain Brenton's challenge to the custody and support orders but find no abuse of discretion in the division of marital property.

A divorce court may make an award of parental rights and responsibili-·ties with respect only to a minor child of the parties. 19 M.R.S.A. § 752(3) (Supp. 1985). Furthermore, a divorce court is without authority to provide for support of a child after that child attains its majority. *Baril v. Baril*, 354 A.2d 392, 395 (Me.1976).

We vacate the orders awarding child custody and support payments to the wife because both of the Adams children had reached the age of eighteen at the time of the divorce judgment.

 Brenton further challenges the court's division of the marital property. It is well settled that a divorce court's decision with respect to the disposition of marital property is reviewable only for abuse of discretion. *Axtell v. Axtell*, 482 A.2d 1261, 1263 (Me.1984). After a careful review of this record, we find that the court acted within its discretion in its division of the marital property. However, that portion of the order awarding "title to the real estate" must be modified to identify properly the real estate in question for the protection of record title. *See Eaton v. Eaton*, 447 A.2d 829, 831 n. 1 (Me.1982); *Baker v. Baker*, 444 A.2d 982, 986–87 (Me.1982).

The entry is:

Remanded to the Superior Court for amendment of its judgment to include a description identifying the real estate held by the parties and to vacate the orders awarding custody of the children and child support. As so modified, the judgment is affirmed.

All concurring.