**Patrick E. BENTLEY**

v.

**Pauline S. BENTLEY.**

Supreme Judicial Court of Maine.

Argued Jan. 21, 1988.
Decided March 4, 1988.

*Carmichael*, 405 A.2d 732, 735 (Me.1979). Our finding is limited to the grounds applicable to the facts of this case.

C. Alan Beagle (orally), Beagle, Reiche, Pearce & Ridge, Portland, for plaintiff.

Robert E. Mittel (orally), Mittel & Hefferan, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and CLIFFORD, JJ.

McKUSICK, Chief Justice.

On a post-divorce motion brought by Patrick E. Bentley, the Superior Court (Cumberland County) modified the divorce judgment by reducing his alimony and child support obligations to his former wife Pauline S. Bentley by the total amount of $75 per week. At the same time the court ordered Patrick to pay Pauline $1,000 toward her attorney fees on post-divorce motions. On Pauline's appeal, we conclude that the Superior Court took into account an improper consideration in reducing the alimony and child support provisions of the divorce judgment and that accordingly the case must be remanded for reconsideration of Patrick's motion for modification. On Patrick's cross-appeal from the Superior Court's award of attorney fees, we find no error; the court had adequate evidentiary support for exercising its discretion to order Patrick to pay a part of Pauline's attorney fees. *See Hebert v. Hebert*, 475 A.2d 422, 426–27 (Me.1984).

The divorce judgment entered on May 15, 1985, divided the marital assets and liabilities between the parties and assigned to Patrick the liability for unpaid federal income taxes. The Superior Court's order of July 7, 1987, reducing Patrick's alimony and child support obligations gave two reasons for that modification: First, in February 1987 the Internal Revenue Service placed a lien of $325 on each of Patrick's biweekly paychecks to collect the tax debt; at the time of the divorce the parties had been uncertain about the amount of the tax debt and when the IRS might assert it. Second, Pauline's earnings relative to Patrick's had improved since the divorce. The second factor was an appropriate consideration on Patrick's modification motion; the first was not. The court's reduction of Patrick's obligations for alimony and child support for the reason that Patrick was forced by the IRS to pay the tax debt assigned to him by the 1985 divorce judgment was the practical equivalent of the court's modifying the division of marital property and liabilities ordered in that judgment. The Superior Court has no authority to modify property division provisions of a divorce judgment, except in circumstances justifying relief from that judgment under M.R.Civ.P. 60(b), circumstances that are not shown to exist here. *See Cyr v. Cyr*, 469 A.2d 836, 839 (Me.1983); *Wardwell v. Wardwell*, 458 A.2d 750, 752 (Me.1983); *Merrill v. Merrill*, 449 A.2d 1120, 1124 (Me.1982). The court cannot do indirectly what it is forbidden to do directly.

Since the IRS effort to collect the tax debt was but one of the two factors influencing the Superior Court's decision, we remand Patrick's modification motion so that the court may reconsider its decision without giving any weight to the first, improper consideration.

The entry is:

Paragraphs 1 and 2 of judgment vacated; balance of judgment affirmed. Remanded for further proceedings consistent with the opinion herein.

All concurring.