**Roy A. MOORE**

v.

**Andrea L. MOORE.**

Supreme Judicial Court of Maine.

Argued Jan. 14, 1991.
Decided Feb. 22, 1991.

Patricia M. McDonough (orally), Jensen, Baird, Gardner & Henry, Portland, for plaintiff.

James C. Hunt (orally), Sarah Allison Thornton, Robinson, Kriger, McCallum & Greene, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and BRODY, JJ.

McKUSICK, Chief Justice.

In this appeal from the Superior Court's denial of a mother's motion for increased child support (Cumberland County, *Rogers, J.*), we address the applicability of the short-lived judicial child support guidelines [1] and the subsequently enacted statu-

---

1. On October 5, 1989, the Supreme Judicial Court issued an administrative order adopting child support guidelines, effective October 12, 1989. *See* Supreme Judicial Court Administra-

tive Order Adopting Child Support Guidelines, Docket No. SJC–13. By order of July 20, 1990, the Supreme Judicial Court vacated those court-adopted guidelines.

tory guidelines[2] to a motion to modify a divorce decree that predated both versions of the guidelines. Although the court correctly held that neither set of guidelines applied to the mother's motion already pending in the Superior Court, we find clear error in findings of fact underlying the court's denial of an increase in child support. Consequently, we remand for reconsideration of the mother's motion.

Andrea and Roy Moore were married on July 17, 1983, and divorced in the Superior Court (Cumberland County, *Cleaves, J.*) about four years later. Incorporating the parties' settlement agreement, the divorce judgment gave the mother sole parental rights and responsibilities for the couple's young son, and ordered the father to pay the mother $500 monthly in child support, to maintain medical and dental insurance for the child, and to bear the costs of all of the child's medical expenses not covered by insurance. The divorce judgment gave the mother the marital real estate, which included an owner-occupied house and additional rental units, as well as three pieces of nonmarital real estate. In addition to the child support and alimony of $700 a month for three years, the rental properties, which the mother managed, provided her with income. The father received sole ownership of his chiropractic practice as well as the couple's interests in various close corporations.

On November 1, 1988, the mother filed a motion for an increase in child support to $1,000 per month. After nearly a year of unsuccessful mediation, the parties argued the wife's motion to the Superior Court on October 6, 1989. On January 24, 1990, the court denied the mother's request for additional support. In response to the mother's motion for findings of fact and to alter or amend the order, the court issued the requested findings, but denied the mother's motion to alter or amend. The mother then filed this appeal.

Before reaching the mother's contention that the court erred in finding that a change in child support was not warranted,

we must first address whether the court should have tested the adequacy of the $500 per month support order against the requirements of either the child support guidelines adopted by administrative order of the Supreme Judicial Court or the same guidelines subsequently enacted into statute. Under either version of the guidelines, if the payments that a parent makes under an existing support order varies by more than 15% from the payments computed under the guidelines, "the court ... shall consider the variation a substantial change of circumstances," 19 M.R.S.A. § 319 (Supp.1990); Child Support Guidelines adopted by Supreme Judicial Court, at (h)(2). That required finding would satisfy our holding that "a material change in ... circumstances" must exist before a court may modify a support order under 19 M.R.S.A. § 752(12) (Supp.1990). *Hebert v. Hebert*, 475 A.2d 422, 426 n. 4 (Me.1984).

■ Reviewing the effective dates of the judicial and statutory guidelines shows that neither applied to the motion for increased child support. First, as to the statutory guidelines, 1 M.R.S.A. § 302 (1989) provides that "[a]ctions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby." The statutory guidelines became effective on April 17, 1990, 17 months after the mother's motion to modify became pending before the court on November 1, 1988, by virtue of its filing, *see Shapiro Bros. Shoe Co. v. Lewiston-Auburn Shoeworkers Protective Ass'n*, 320 A.2d 247, 251-52 (Me.1974), and three months after the court issued its judgment denying her motion. In our case law interpreting the "statutory savings clause" of section 302, we have held that a statute changing procedures will presumptively have retroactive effect, while a statute changing a substantive matter of law will be applied to a pending proceeding only if the legislative intent for that application is stated expressly or by necessary implication. *See Schlear v. Fiber Materials, Inc.*, 574 A.2d 876, 878 (Me.1990). By adding a

---

**2.** The statutory guidelines were added to 19 M.R.S.A. §§ 311-319 (Supp.1990) as emergency legislation by P.L.1989, ch. 834, Part A (eff. Apr. 17, 1990).

conclusive presumption that a 15% variance is a material change in circumstances and by allowing a court to alter a parent's support obligation if required by the guidelines themselves, the statute fits our definition of "substantive legislation as that which 'radically affect[s] rights and obligations' of the parties." *Id.* Despite the fact that the statute is clear in its requirement that it applies to motions to modify *existing* support orders, *see* 19 M.R.S.A. § 319, the statute contains no express provision or necessary implication that the guidelines apply to proceedings that were already pending before they became effective.

Section 302 lays down merely a rule of statutory construction that requires us to look for a clear statement or implication of retroactive intent before applying a newly enacted substantive statute to a pending proceeding. *See City of Portland v. Fisherman's Wharf Assocs. II*, 541 A.2d 160, 162–64 (Me.1988). Although section 302 by its terms does not apply to our interpretation of administrative orders of the Supreme Judicial Court, we can discern no reason to apply a different rule of construction. The mother's motion was already a pending proceeding when the court-adopted guidelines went into effect on October 12, 1989.

■ Because she has failed to convince us that either the judicial or the statutory guidelines applied to her motion, the mother may prevail only by persuading us that the court either abused the substantial discretion accorded it in divorce cases or made clearly erroneous findings of fact. *See Absher v. LaCombe*, 432 A.2d 1241, 1243 n. 6 (Me.1981). In this case, we reject the court's finding that the mother's income had increased since the divorce and that the father's income had decreased. *Cf. Shirley v. Shirley*, 482 A.2d 845, 849 (Me.1984) (income and future earning capacity are relevant to court's initial determination of the appropriate amount of child support to be contributed by a parent). By ignoring the mother's tax returns and relying on a figure she used as her gross income to determine her own monthly tithe to her church, the court overestimated the income that the mother had available to meet the child's expenses. Conversely, the court underestimated the father's income by failing to account for all sources of his income. These errors lead to the inescapable conclusion that the trial court failed to undertake an appropriate review of all of the factors involved in computing the parents' income. *See Dunning v. Dunning*, 495 A.2d 821, 822, 824 (Me.1985). On remand the court shall appropriately reconsider its decision on the motion for additional child support on the basis of the record existing on the date of the judgment appealed from. *See id.* at 824.

Because of our holding that the court committed clear error in finding the parties' income, we must also direct reconsideration of that portion of the judgment that denied the mother attorney fees. The court's ruling on attorney fees could well have been affected by the clearly erroneous findings of the parties' relative earning capacities. *See id.*

■ In the interest of judicial economy we note that the court committed no error, however, in referring in its findings to an unrelated adult living in the mother's household. To the extent that person's contributions reduced the mother's living expenses and helped to defray costs of raising the child, the finding was relevant to the court's assessment of the overall financial circumstances of the mother. *See Pendexter v. Pendexter*, 363 A.2d 743, 750 (Me.1976).

The entry is:

Judgment vacated; remanded for further proceedings consistent with the opinion herein.

All concurring.