**Dale LeBLANC**

v.

**Donna LeBLANC.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 5, 1991.
Decided Sept. 27, 1991.

John J. Finn, Yarmouth, for plaintiff.

Edward S. David, Cloutier, Joyce, Dumas & David, Livermore Falls, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

WATHEN, Justice.

Plaintiff Dale LeBlanc appeals from a Superior Court order amending a divorce judgment (Franklin County, *MacInnes, A.R.J.*). The court amended the judgment by designating plaintiff as the "primary residential care provider"[1] of the parties' minor child, but deviated from the child support guidelines to require plaintiff to continue paying child support to defendant. Plaintiff argues that the court erred in requiring him to pay support to the "nonprimary residential care provider." We affirm the judgment.

The original divorce judgment was entered in 1987 and provided for shared parental rights and responsibilities with regard to the minor child of the parties. No determination of primary residence was made as the child was to reside with each parent on alternating weeks. The father was initially ordered to pay $100 per week as child support to the mother, and in 1988 that amount was reduced to $40 per week. When the child approached school age, a disagreement arose as to which school system the child would attend. Residing in different towns, the parties preferred the school system in their respective communities. The mother moved to amend the divorce judgment and requested that primary residence of the child be awarded to her. She also sought a modification in child support. After hearing, the Superior Court ruled that a divided residence was no longer in the best interests of the child. The court established the child's primary residence with the father and ordered that the child reside with him during the week and reside with the mother on weekends. During the summers, the child would divide his time between the parties. The court then found that the case did not fit within the general guidelines formula for support because the nonprimary residential care provider will care for the child more than 30% of the time. The court ordered the father to pay the mother $30 per week during the school year and $40 per week during the summer. It is from this portion of the order that the father appeals.

The applicable child support guidelines are set forth in 19 M.R.S.A. §§ 311–319 (Supp.1990). Section 315 creates a "rebuttable presumption that the parental support obligation derived from the support guidelines is the amount ordered to be paid." The support guidelines provide the formula for computing the parental support obligation, 19 M.R.S.A. § 316, and include a presumption that the primary residential care provider spends his or her share directly on the child.[2] Section 317 authorizes the court to deviate from the support guidelines on the basis of certain specified criteria. In the present case, the court justified its deviation on the fact that the defendant will provide residential care more than 30% of the time, 19 M.R.S.A. § 317(3)(A), and that application of the guidelines would be unjust, inappropriate, and not in the child's best interests. 19 M.R.S.A. § 317(3)(Q).

The father contends that the court's order effectively increases his proportionate share of the child's support. He argues that although section 317 authorizes the court to deviate from the amount of support specified in the guidelines, it does not permit the court to ignore the presumption that, as primary provider, he spends his share directly on the child. In substance, he argues that even if the court can increase his share of the support, whatever the increased sum might be, the court is compelled to presume that he spends that sum directly on the child. We disagree.

In order to account for differing circumstances, including variables in income and

---

1. "Primary residential care provider" is defined in 19 M.R.S.A. § 311(8) (Supp.1990) as "the party who provides residential care for a child for more than 50% of the time on an annual basis."

2. 19 M.R.S.A. § 316(3) provides:

The total support obligation must be divided between the parties in proportion to their respective gross incomes. The court or hearing officer shall order the party not providing primary residential care to pay, in money, that party's share of the total support obligation to the party providing primary residential care. The primary residential care provider is presumed to spend the primary residential care provider's share directly on the child or children.

the amount of time that a child might spend in each residence, the Legislature introduced a measure of flexibility by enacting section 317. Specifically, the court is authorized to disregard the presumptive support obligation derived from section 316. That section includes not only the formula for determining the amount of support, but also the presumption of payment on which the father relies. When, as in the present case, the nonprimary provider has the child for a significant portion of the available time, it is possible for the court to deviate from the guidelines and find that the primary provider's share will not be spent directly on the child. No error of law or abuse of discretion is evident here.

The entry is:

Judgment affirmed.

All concurring.