**Michael D. TRUE**

v.

**Julianne F. TRUE.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1992.
Decided Oct. 26, 1992.

Mary B. Devine (orally), Gray, for plaintiff.

Elliott L. Epstein (orally), Judith W. Andrucki, Isaacson & Raymond, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Plaintiff Michael True appeals from a divorce judgment entered in the Superior Court (Cumberland County, *Rogers, A.R.J.*). He contends that the court erred in calculating Julianne's gross income, that it misapplied the child support guidelines, and that the court's child support order and its award of attorney fees constitute an abuse of discretion. Finding neither error nor abuse of discretion, we affirm the judgment.

The Trues married in 1979 and have two minor children. In June 1990, Michael instituted divorce proceedings in the Superior Court. Prior to trial, the parties agreed to share equally all parental rights and responsibilities. The remaining issues were child support and attorney fees. The court applied the child support guidelines, and on November 14, 1991, entered a divorce judgment in which it ordered Michael to pay Julianne $50 per week in child support. The court also ordered Michael to pay $3000 toward Julianne's attorney fees. This appeal followed.

Michael's first contention is that the court erred in determining Julianne's gross income by not including a sum of

money regularly sent to her by her ninety-year-old grandmother, and by using as a basis for her income the teaching salary she received in the 1990–1991 school year, as opposed to the 1991–1992 school year. He argues that the sum sent by the grandmother fits the definition of gross income given in 19 M.R.S.A. § 311(5)(A) (Supp. 1991),[1] because it is from an "ongoing source." Michael overlooks the fact that the money sent by Julianne's aging grandmother is a gift, and that there is no legal obligation on the part of the grandmother to pay the money. Therefore, the money is not income and the court did not err by not including it in Julianne's gross income. Nor did the court err by using as a basis for Julianne's income her 1990–1991 teaching salary. At the time of the hearing, contract negotiations in Julianne's school district were not complete, and the court properly refused to speculate on the amount, if any, her salary would increase for the 1991–1992 school year.

 Michael next asserts that the court misapplied the child support guidelines, 19 M.R.S.A. §§ 311–319 (Supp.1991), by referring to a formula based on Julianne as the primary care giver and Michael as the non-primary care giver, when the parenting responsibilities were in fact shared equally by the parties. According to Michael, this tainted the process of establishing an appropriate amount of child support and resulted in an incorrect presumption about how much he should pay. We disagree.

Fully aware that the parties would be sharing equally in the parenting of their children, and taking into account the fact that Michael's income was substantially higher than Julianne's, the court pursuant to 19 M.R.S.A. § 317 ordered a substantial deviation from the child support guidelines and ordered Michael to pay $50 per week in support. In utilizing this approach, the court committed no error, nor did the court abuse its discretion in establishing the amount of support. *See* 19 M.R.S.A. § 317(1) (deviation from child support guidelines permissible if order based on guidelines would be inequitable or unjust); *see also LeBlanc v. LeBlanc*, 597 A.2d 62, 63–64 (Me.1991).

 Finally, Michael argues the court's award of attorney fees constitutes an abuse of discretion. *See* 19 M.R.S.A. § 721(2) (Supp.1991); 19 M.R.S.A. § 722(3) (1981). In the circumstances of this case, where Michael's earnings are substantially higher than Julianne's, we find no merit in that contention.

The entry is:

Judgment affirmed.

All concurring.

---

1. 19 M.R.S.A. § 311(5)(A) (Supp.1991) reads as follows:

    **5. Gross income.** "Gross income" means gross income of a party as follows.

    **A.** Gross income includes income from any ongoing source including, but not limited to, salaries, wages, commissions, royalties, bonuses, dividends, severance pay, pensions, interest, trust funds, annuities, capital gains, social security benefits, disability insurance benefits, prizes, workers' compensation benefits, spousal support actually received pursuant to a preexisting order, and education grants, fellowships or subsidies that are available for personal living expenses. Gross income does not include child support received by either party for children other than children for whom support is being determined.